```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

UNITED STATES OF AMERICA,     }
                              }
     Plaintiff,               }
                              }
v.                            }      CIVIL ACTION NO.
                              }      2:14-cv-00911-WMA
$16,990.00 IN UNITED STATES   }
CURRENCY,                     }
                              }
     Defendant.               }
```

**MEMORANDUM OPINION**

The United States brings this action *in rem* for forfeiture of the subject property, which is money alleged to have been furnished in exchange for a controlled substance in violation of federal law. A hearing was held on this matter today, July 14, 2014, at 10:30 a.m., at which the government requested by oral motion an entry of default.

The government's grounds for default are well-taken.  The government served notice of this action on four potential claimants on May 21, 2014.  The potential claimants were required to assert their interests in the subject property by verified claim no later than June 25, 2014.  None did so.  One potential claimant, Valencia Baltazar-Sanchez, filed a purported "Answer to the Verified Complaint for Forfeiture and Counterclaim for Return of Funds" on July 7, 2014.  To the extent this paper is intended to assert an interest in the confiscated property, it suffers fatal procedural defects.  It was submitted thirteen days past the June 25 deadline, and was not verified.

Despite these procedural defects, the court scheduled today's hearing to give claimant Baltazar-Sanchez an opportunity to clarify his legal position, explain his failure to meet the claim deadlines, and otherwise protect his interest in the seized $16,990. A notice of the was served electronically on July 7, 2014, on Baltazar-Sanchez's counsel. Neither counsel nor anyone else appeared at the hearing on Baltazar-Sanchez's behalf. It is a grim irony that, as explained to this court's courtroom deputy by telephone, counsel was out of town to attend a seminar on criminal procedure.

This court is deeply uneasy in granting a default judgment that results, in short, in the government taking a considerable amount of money from its citizens without ever making an arrest or presenting evidence of criminal conduct to a grand jury. Nevertheless, because Baltazar-Sanchez failed properly to assert a claim to the property, and because he declined to defend his interest at today's hearing, the court concludes that the government's motion must be granted. Judgment by default will therefore be entered in the government's favor by separate order.

DONE this 14 day of July, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE